Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:57 AM
Envelope: 3168389
Reviewer: Lindsay Z.

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KERRI NEILL,<br>          Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC. and<br>HOME DEPOT U.S.A., INC.<br>          Defendants. | **REMOVED FROM:**<br>RHODE ISLAND SUPERIOR COURT<br>KENT COUNTY |

## <u>NOTICE OF REMOVAL</u>

Defendant Home Depot U.S.A., Inc. ("Home Depot"), by and through its undersigned counsel, hereby files its Notice of Removal of this action (the "Action") from Superior Court for the State of Rhode Island, Kent County to the United States District Court for the District of Rhode Island.

Home Depot appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1.      On or about June 2, 2021, Plaintiff Kerri Neill commenced the Action in the Superior Court for the State of Rhode Island, Kent County as civil action number KC-2021-0486. In the Action, Plaintiff alleges to have been injured by a lawnmower purchased from Home Depot in North Kingstown, Rhode Island, when, while removing the lawnmower from her garage after purchasing it and bringing it home, the handle retracted and caused her personal injuries.

2.      In particular, Plaintiff claims to have suffered a severed left index finger, which she characterizes as "severe and permanent injuries and disfigurement."

3.      On or about June 9, 2021, Plaintiff served a copy of the Summons and Complaint upon the Registered Agent for Home Depot.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:57 AM
Envelope: 3168389
Reviewer: Lindsay Z.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Home Depot in the Action is attached as **Exhibit 1**.

5.      Plaintiff is a Rhode Island resident living in Warwick, Rhode Island.

6.      Home Depot is a foreign corporation with a principal place of business in Atlanta, Georgia.

7.      Plaintiff alleges severe and permanent injuries and disfigurement that, if proven, could result in damages in excess of $75,000.00.

8.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the Action, which is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity between the Plaintiff, who is a resident of Rhode Island, and Home Depot, which has its principal place of business in Georgia.

9.      Home Depot has not yet filed a pleading in response to the Complaint and no orders have been issued in this Action.

10.     Pursuant to 28 U.S.C. § 1446(d), Home Depot promptly will file a copy of this Notice of Removal with the Clerk for the Superior Court for Kent County, and will serve a copy of the same on counsel for Plaintiff and all other counselors of record.

WHEREFORE, Home Depot respectfully removes the Action now pending in the Rhode Island Superior Court, Kent County, as civil action number KC-2021-0486 to the United States District Court for the District of Rhode Island.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:57 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Defendant,
HOME DEPOT U.S.A., INC.,
By its Attorneys,


*/s/ Stephen D. Nelson*
Stephen D. Nelson (#8776)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
snelson@apslaw.com

Dated: June 29, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document served on all counsel of record by U.S. Mail on this the 29th day of June, 2021:

Jeffrey D. Sowa, Esq.
Heather M. Spellman, Esq.
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907


*/s/ Stephen D. Nelson*
Stephen D. Nelson

1081200.v1

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

# EXHIBIT 1



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-0486 |
| **Plaintiff**<br>Kerri Neill<br>v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI 02907 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI 02886<br>(401) 822-6900 | **Address of the Defendant**<br>222 Jefferson Boulevard Suite 200<br>Warwick RI 02888<br>Corporation Service Company |

**TO THE DEFENDANT, Home Depot U.S.A., Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

A true copy attest
Robert J. Kilduff #6070
Date 6'9'21

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff<br>Kerri Neill<br>v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | Civil Action File Number<br>KC-2021-0486 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Home Depot U.S.A., Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ **By delivering said papers to an officer or a managing or general agent.**
Name of person and designation _____

☐ **By leaving said papers at the office of the corporation with a person employed therein.**
Name of person and designation _____

☐ **By delivering said papers to an agent authorized by appointment or by law to receive service of process.**
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ **I was unable to make service after the following reasonable attempts:**

**SERVICE DATE:** _____  **SERVICE FEE $** _____
                Month   Day   Year

**Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE**

_____

**SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.**

_____
Signature

State of _____
County of _____

On this _____ day of _____ 20____ before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

**SC-CMS-1 (revised July 2020)**

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3188083
Reviewer: Kari B.

Case Number: KC-2021-0486
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

Filed in Kent County Superior Court

STATE OF RHODE ISLAND            SUPERIOR COURT
KENT, SC.

| | |
|---|---|
| KERRI NEILL, | : |
|      Plaintiff, | : |
| | : |
|      v. | :      C.A. No. KC |
| | : |
| AMERICAN HONDA MOTOR CO., INC. | : |
| and HOME DEPOT U.S.A., INC., | : |
|      Defendants. | : |

## Complaint

### Parties and Jurisdiction

1.     Plaintiff, Kerri Neill ("Neill"), was at all times material hereto a resident of the City of Warwick, County of Kent, State of Rhode Island.

2.     Upon information, Defendant American Honda Motor Co., Inc. ("Honda"), is a foreign corporation, organized under the laws of California and licensed to do business in the State of Rhode Island, with its principal place of business located in the State of California.

3.     Upon information and belief, at all times material hereto, Defendant Home Depot U.S.A., Inc. ("Home Depot") was a Delaware entity with a principal place of business located in the State of Georgia.

4.     Honda and Home Depot have sufficient minimum contacts with the State of Rhode Island to be subject to the jurisdiction of this Honorable Court.

5.     The amount in controversy and nature of the controversy are sufficient to establish the jurisdiction of this Honorable Court.

### Facts

6.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

7.     At all times material hereto, Ms. Neill owned a Honda HRR216VKA lawnmower, which was manufactured by Honda (the "Lawnmower").

8.     Ms. Neill purchased the Lawnmower from Home Depot located in North Kingstown, Rhode Island.

9.     On or about June 21, 2020, Ms. Neill was removing the Lawnmower (while in its properly folded position) from its stored location in her garage when the handle retracted suddenly severing a portion of Ms. Neill's left index finger.

10.     The mechanics of the Lawnmower handle were inherently dangerous and unsafe.

11.     The Owner's Manual for the Lawnmower contains no warnings or instructions regarding such risks or hazards.

12.     The Lawnmower itself contains no warnings regarding risk of such injury.

13.     As a direct and proximate result of the defective condition of the Lawnmower and Honda's failure to warn, Ms. Neill sustained severe and permanent injuries and disfigurement.

## COUNT I – Strict Product Liability
### (Neill vs. Honda and Home Depot)

13.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

14.     Upon information and belief, Honda designed, manufactured, assembled, inspected, tested, distributed and sold the Lawnmower so as to render it defective and unsafe for its intended use.

15.     Honda's design, manufacturing, assembling, inspection, distribution and sale of the Lawnmower caused the defective and unsafe condition as alleged herein.

16.     Home Depot distributed, merchandised, and sold the Lawnmower.

2

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

17.     When Ms. Neill sustained the damages described herein, the Lawnmower was in a defective condition and unreasonably dangerous to a user or consumer in that it was unfit, unsafe, not usable for the purpose for which it was intended, dangerous and defective in nature, design, and materials and defective in manufacture.

18.     Such conditions were not observable by Ms. Neill who relied on the duties of Honda and Home Depot, to deliver the Lawnmower at the time of sale in a condition that was fit for the use and purpose intended and in a safe and operable condition.

19.     Honda and Home Depot's breach of its duty of care caused the defective condition of the Lawnmower and is the proximate cause of Ms. Neill's severe and permanent injuries and disfigurement.

### COUNT II – Breach of Implied Warranty of Fitness and/or Merchantability
### (Neill vs. Honda)

20.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

21.     The Lawnmower manufactured by Honda and sold to Ms. Neill by Honda, was not of merchantable quality. Rather, it was unfit, unsafe, and not usable for the purpose for which it was intended. Such condition constituted a breach of Honda's implied warranty of merchantability and/or fitness, in that the Lawnmower was not fit for the purpose for which it was designed, namely, to be safely stored and moved with its handle properly folded.

22.     When purchasing and operating the Lawnmower, Ms. Neill relied upon Honda's skill and judgment and its implied warranty of fitness for the purpose for which she purchased the Lawnmower.

3

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

23.     The Lawnmower was not fit for its intended purpose and use, and as a result of Honda's breach of its warranty of fitness of the Lawnmower, Ms. Neill sustained severe and permanent injuries and disfigurement.

### COUNT III – Negligence
### (Neill vs. Honda)

24.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

25.     Honda negligently designed and/or manufactured and/or inspected and/or marketed and/or sold the Lawnmower and negligently placed it into the channels of trade when it knew, or with a reasonable degree of care, should have known that the Lawnmower was dangerous and defective in nature, design and materials, and was in a dangerous and/or defective condition, in a manner in which Honda should reasonably have foreseen would come into use by persons such as Ms. Neill, who was unaware of the dangerous and defective condition, and Honda's failure to use reasonable care to prevent such damages to such persons including Ms. Neill.

26.     Honda failed to warn Ms. Neill and other consumers of the potential for the Lawnmower handle to close in a scissor-like manner with the risk of severing fingers before and after offering the same for sale. Such dangerous condition was reasonably foreseeable and knowable to Honda at the time of marketing.

27.     Honda's breach of its duties of care in the design, manufacture, inspection and distribution of the Lawnmower, and failure to warn, caused Ms. Neill to sustain severe and permanent injuries and disfigurement.

### COUNT IV – Breach of Implied Warranty of Fitness and/or Merchantability
### (Neill vs. Home Depot)

28.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

4

29.     Home Depot distributed, merchandised, and sold the Lawnmower.

30.     The Lawnmower distributed, merchandised, and sold by Home Depot to Ms. Neill, was not of merchantable quality. Rather, it was unfit, unsafe, and not usable for the purpose for which it was intended. Such condition constituted a breach of Home Depot's implied warranty of merchantability and/or fitness, in that the Lawnmower was not fit for the purpose for which it was designed, namely, to be safely stored and moved with its handle properly folded.

31.     When purchasing and operating the Lawnmower, Ms. Neill relied upon Home Depot's skill and judgment and its implied warranty of fitness for the purpose for which she purchased the Lawnmower.

32.     The Lawnmower was not fit for its intended purpose and use, and as a result of Home Depot's breach of its warranty of fitness of the Lawnmower, Ms. Neill sustained severe and permanent injuries and disfigurement.

### COUNT V – Negligence
### (Neill vs. Home Depot)

33.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

34.     Home Depot negligently marketed and/or sold the Lawnmower and negligently placed it into the channels of trade when it knew, or with a reasonable degree of care, should have known that the Lawnmower was dangerous and defective in nature, design and materials, and was in a dangerous and/or defective condition, in a manner in which Home Depot should reasonably have foreseen would come into use by persons such as Ms. Neill, who was unaware of the dangerous and defective condition, and Home Depot's failure to use reasonable care to prevent such damages to such persons including Ms. Neill.

5

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 8/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

35.     Home Depot failed to warn Ms. Neill and other consumers of the potential for the Lawnmower handle to close in a scissor-like manner with the risk of severing fingers before and after offering the Lawnmower for sale. Such dangerous condition was reasonably foreseeable and knowable to Home Depot at the time of marketing and sale.

36.     Home Depot's breach of its duties of care in the marketing, distribution, and sale of the Lawnmower, and failure to warn, caused Ms. Neill to sustain severe and permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Kerri Neill, respectfully requests this Honorable Court:

1.     Enter judgment in favor of Plaintiff and against Defendant on each and every count contained herein;

2.     Award damages to Plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

3.     Award Plaintiff interest, costs, expenses, and reasonable attorneys' fees; and

4.     Award such other relief, as this Honorable Court deems just and appropriate.

## JURY DEMAND

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL TRIABLE ISSUES OF RIGHT.

6

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

Plaintiff,
Kerri Neill,
By her Attorney,


/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esq./#5764
Heather M. Spellman, Esq./#6461
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
TEL: (401) 273-0200
FAX: (401) 273-0250
EMAIL: jsowa@lsglaw.com
        hspellman@lsglaw.com

Dated: June 2, 2021

7

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 15 of 38 PageID #: 31

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT, S.C.

---

KERRI NEILL,
                   Plaintiff,

v.                                             CA No: KC-2021-0486

AMERICAN HONDA MOTOR CO., INC. and
HOME DEPOT U.S.A., INC.
                   Defendants.

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C.A. § 1446(d), Defendant Home Depot U.S.A., Inc., ("Home

Depot"), by and through its undersigned counsel, files herewith a true copy of the Notice of

Removal previously filed in the United States District Court for the District of Rhode Island, and

a true copy of the Notice of Filing of Removal.

                              Defendant,
                              HOME DEPOT U.S.A., INC.,
                              By its Attorneys,

                              /s/ Stephen D. Nelson
                              Stephen D. Nelson (#8776)
                              Adler Pollock & Sheehan P.C.
                              One Citizens Plaza, 8th Floor
                              Providence, RI 02903
                              Tel:  401-274-7200
                              snelson@apslaw.com

Dated: June 29, 2021

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/29/2021 10:37 AM
Envelope: 3168389
Reviewer: Lindsay Z.

Case 1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 16 of 38 PageID #: 32

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document served on all counsel of record by U.S. Mail on this the 29th day of June, 2021:

Jeffrey D. Sowa, Esq.
Heather M. Spellman, Esq.
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907

*/s/ Stephen D. Nelson*
Stephen D. Nelson

1081204.v1

# SC DOCKET SHEET
## CASE NO. KC-2021-0486

| | | |
|---|---|---|
| Kerri Neill<br>v.<br>American Honda Motor Co., Inc. et al. | §<br>§<br>§<br>§<br>§ | Location:  **Kent County Superior Court**<br>Filed on:  **06/02/2021**<br>US District Court Case  **1:21-CV-00276**<br>Number: |

---

### CASE INFORMATION

**Statistical Closures**
06/29/2021    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type:  **Civil Action**

Case Status:  **06/29/2021   Closed**

Case Flags:  **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          KC-2021-0486<br>Court                      Kent County Superior Court<br>Date Assigned         06/02/2021 |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Neill, Kerri** | **SOWA, JEFFREY D.**<br>*Retained*<br>4012730200 x102(W) |
| **Defendant** | **American Honda Motor Co., Inc.** | |
| | **Home Depot U.S.A., Inc.** | **NELSON, STEPHEN DAVID**<br>*Retained*<br>4012747200 x214(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 06/29/2021 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 06/29/2021 | Case Removed to US District Court |
| 06/29/2021 | Notice of Removal<br>*Defendant, Home Depot U.S.A., Inc.'s Notice of Removal* |
| 06/18/2021 | Entry of Appearance<br>*Entry of Appearance (Stephen D. Nelson) on behalf of Home Depot U.S.A., Inc.* |
| 06/09/2021 | Summons Proof of Service Filed<br>*Summons with proof of service upon Home Depot* |
| 06/09/2021 | Summons Proof of Service Filed<br>*Summons with proof of service upon American Honda Motor Co.* |
| 06/03/2021 | Summons |
| 06/02/2021 | Complaint Filed<br>*Complaint* |

*Printed on 06/29/2021 at 11:50 AM*



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information |
|---|

Case Caption: **Kerri Neill** vs. **Home Depot et al**

Federal Court Case No. **1:21-cv-00276**   State Court Case No. **KC-2021-0486**

| Record Information |
|---|

Confidential:   Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☐   No ☑   Description: _____

| Certification |
|---|

I, **Danielle Keegan** , Clerk of the Rhode Island Superior Court for the County of **Kent** do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Jun/29/2021

Clerk:
/s/ **Danielle Keegan**

Prepared by:
/s/ **Lindsay Zuercher**

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/18/2021 4:36 PM
Envelope: 3154050
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 19 of 38 PageID #: 35

# STATE OF RHODE ISLAND

☐ SUPREME COURT  ☑ SUPERIOR COURT  ☐ FAMILY COURT  ☐ DISTRICT COURT

☐ Providence/Bristol County or Sixth Division  ☐ Washington County or Fourth Division
☑ Kent County or Third Division ☐ Newport County or Second Division

| Plaintiff | Civil Action File Number |
|---|---|
| Kerri Neil | KC-2021-0486 |

| Defendant |
|---|
| American Honda Motor Co., Inc. and Home Depot U.S.A., Inc. |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☐ Plaintiff/Petitioner ☑ Defendant/Respondent Home Depot U.S.A., Inc. .

/s/ Stephen D. Nelson                                8776
Attorney Name or Self-represented Litigant          Rhode Island Bar Number

Adler Pollock & Sheehan P.C., One Citizens Plaza, Providence, RI 02903
Address

401-274-7200
Telephone Number                                    Cell Telephone Number

snelson@apslaw.com
Email Address

June 18, 2021
Date

## CERTIFICATE OF SERVICE

I hereby certify that, on the _18th_ day of _June_, 20 _21_:
☑ I filed and served this document through the electronic filing system on the following parties:
Jeffrey D. Sowa, Esq., LaPlante Sowa Goldman, 78 Kenwood Street, Cranston, RI 02907 .
The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____ at the following address _____.

/s/ Stephen D. Nelson
Name

CC-11 (revised June 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-0486 |
| **Plaintiff**<br>Kerri Neill<br><br>v.<br><br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa<br><br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI 02907 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI 02886<br>(401) 822-6900 | **Address of the Defendant**<br>222 Jefferson Boulevard Suite 200<br>Warwick RI 02888<br><br>Corporation Service Company |

**TO THE DEFENDANT, Home Depot U.S.A., Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/9/2021 3:06 PM
Envelope: 3136713
Reviewer: Lindsay Z.



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Kerri Neill | KC-2021-0486 |
| v. | |
| American Honda Motor Co., Inc. et al. | |
| **Defendant** | |

---

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Home Depot U.S.A., Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/9/2021 3:06 PM
Envelope: 3136713
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 22 of 38 PageID #: 38



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent *Corporation Service Company Chris Bergner*
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
   _____

SERVICE DATE: *6 / 9 / 2021 11:33 AM*   SERVICE FEE $ *45.00*
            Month  Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

*That J. Kahlig   Robert J. K. Huff #6070*

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

   On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/9/2021 3:06 PM
Envelope: 3138713
Reviewer: Lindsay Z.

21-cv-00276-WES-PAS    Document 3    Filed 06/29/21    Page 23 of 38 PageID #: 39



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

|  |  |
|---|---|
|  | **Civil Action File Number**<br>KC-2021-0486 |
| **Plaintiff**<br>Kerri Neill<br><br>v.<br><br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI  02907 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>450 Veterans Memorial Parkway Suite 7A<br>East Providence RI  02914<br><br>CT Corporation System |

**TO THE DEFENDANT, American Honda Motor Co., Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/3/2021. | /s/ Danielle Keegan<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Kerri Neill<br>v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>KC-2021-0486 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, American Honda Motor Co., Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/9/2021 3:06 PM
Envelope: 3138713
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS    Document 3    Filed 06/29/21    Page 25 of 38 PageID #: 41



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☒ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _CT Corporation System Robert Ortiz_

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _6_ / _9_ / _21 At 11:49a.m_    SERVICE FEE $ _45.00_
     Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_Robert J. Kilduff_ Robert J. Kilduff #6070

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | **Civil Action File Number**<br>KC-2021-0486 |
|---|---|
| **Plaintiff**<br>Kerri Neill<br><br> v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI  02907 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>222 Jefferson Boulevard Suite 200<br>Warwick RI  02888 |

**TO THE DEFENDANT, Home Depot U.S.A., Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/3/2021. | /s/ Danielle Keegan<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Kerri Neill<br> v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>KC-2021-0486 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Home Depot U.S.A., Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-0486 |
| **Plaintiff**<br>Kerri Neill<br> v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI  02907 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>450 Veterans Memorial Parkway Suite 7A<br>East Providence RI  02914 |

**TO THE DEFENDANT, American Honda Motor Co., Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

 **STATE OF RHODE ISLAND**

**SUPERIOR COURT**

| Plaintiff<br>Kerri Neill<br> v.<br>American Honda Motor Co., Inc. et al.<br>**Defendant** | Civil Action File Number<br>KC-2021-0486 |
|---|---|

---

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, American Honda Motor Co., Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
 Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT, SC.

| | | |
|---|---|---|
| KERRI NEILL, | : | |
|     Plaintiff, | : | |
| | : | |
|       v. | : | C.A. No. KC |
| | : | |
| AMERICAN HONDA MOTOR CO., INC. | : | |
| and HOME DEPOT U.S.A., INC., | : | |
|     Defendants. | : | |

## **Complaint**

### **Parties and Jurisdiction**

1.     Plaintiff, Kerri Neill ("Neill"), was at all times material hereto a resident of the City of Warwick, County of Kent, State of Rhode Island.

2.     Upon information, Defendant American Honda Motor Co., Inc. ("Honda"), is a foreign corporation, organized under the laws of California and licensed to do business in the State of Rhode Island, with its principal place of business located in the State of California.

3.     Upon information and belief, at all times material hereto, Defendant Home Depot U.S.A., Inc. ("Home Depot") was a Delaware entity with a principal place of business located in the State of Georgia.

4.     Honda and Home Depot have sufficient minimum contacts with the State of Rhode Island to be subject to the jurisdiction of this Honorable Court.

5.     The amount in controversy and nature of the controversy are sufficient to establish the jurisdiction of this Honorable Court.

### **Facts**

6.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

7.      At all times material hereto, Ms. Neill owned a Honda HRR216VKA lawnmower, which was manufactured by Honda (the "Lawnmower").

8.      Ms. Neill purchased the Lawnmower from Home Depot located in North Kingstown, Rhode Island.

9.      On or about June 21, 2020, Ms. Neill was removing the Lawnmower (while in its properly folded position) from its stored location in her garage when the handle retracted suddenly severing a portion of Ms. Neill's left index finger.

10.     The mechanics of the Lawnmower handle were inherently dangerous and unsafe.

11.     The Owner's Manual for the Lawnmower contains no warnings or instructions regarding such risks or hazards.

12.     The Lawnmower itself contains no warnings regarding risk of such injury.

13.     As a direct and proximate result of the defective condition of the Lawnmower and Honda's failure to warn, Ms. Neill sustained severe and permanent injuries and disfigurement.

## COUNT I – Strict Product Liability
### (Neill vs. Honda and Home Depot)

13.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

14.     Upon information and belief, Honda designed, manufactured, assembled, inspected, tested, distributed and sold the Lawnmower so as to render it defective and unsafe for its intended use.

15.     Honda's design, manufacturing, assembling, inspection, distribution and sale of the Lawnmower caused the defective and unsafe condition as alleged herein.

16.     Home Depot distributed, merchandised, and sold the Lawnmower.

2

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 34 of 38 PageID #: 50

17.     When Ms. Neill sustained the damages described herein, the Lawnmower was in a defective condition and unreasonably dangerous to a user or consumer in that it was unfit, unsafe, not usable for the purpose for which it was intended, dangerous and defective in nature, design, and materials and defective in manufacture.

18.     Such conditions were not observable by Ms. Neill who relied on the duties of Honda and Home Depot, to deliver the Lawnmower at the time of sale in a condition that was fit for the use and purpose intended and in a safe and operable condition.

19.      Honda and Home Depot's breach of its duty of care caused the defective condition of the Lawnmower and is the proximate cause of Ms.  Neill's severe and permanent injuries and disfigurement.

### COUNT II – Breach of Implied Warranty of Fitness and/or Merchantability
### (Neill vs. Honda)

20.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

21.     The Lawnmower manufactured by Honda and sold to Ms. Neill by Honda, was not of merchantable quality. Rather, it was unfit, unsafe, and not usable for the purpose for which it was intended. Such condition constituted a breach of Honda's implied warranty of merchantability and/or fitness, in that the Lawnmower was not fit for the purpose for which it was designed, namely, to be safely stored and moved with its handle properly folded.

22.     When purchasing and operating the Lawnmower, Ms. Neill relied upon Honda's skill and judgment and its implied warranty of fitness for the purpose for which she purchased the Lawnmower.

3

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 35 of 38 PageID #: 51

23. The Lawnmower was not fit for its intended purpose and use, and as a result of Honda's breach of its warranty of fitness of the Lawnmower, Ms. Neill sustained severe and permanent injuries and disfigurement.

### COUNT III – Negligence
### (Neill vs. Honda)

24. Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

25. Honda negligently designed and/or manufactured and/or inspected and/or marketed and/or sold the Lawnmower and negligently placed it into the channels of trade when it knew, or with a reasonable degree of care, should have known that the Lawnmower was dangerous and defective in nature, design and materials, and was in a dangerous and/or defective condition, in a manner in which Honda should reasonably have foreseen would come into use by persons such as Ms. Neill, who was unaware of the dangerous and defective condition, and Honda's failure to use reasonable care to prevent such damages to such persons including Ms. Neill.

26. Honda failed to warn Ms. Neill and other consumers of the potential for the Lawnmower handle to close in a scissor-like manner with the risk of severing fingers before and after offering the same for sale. Such dangerous condition was reasonably foreseeable and knowable to Honda at the time of marketing.

27. Honda's breach of its duties of care in the design, manufacture, inspection and distribution of the Lawnmower, and failure to warn, caused Ms. Neill to sustain severe and permanent injuries and disfigurement.

### COUNT IV – Breach of Implied Warranty of Fitness and/or Merchantability
### (Neill vs. Home Depot)

28. Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

4

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

21-cv-00276-WES-PAS    Document 3    Filed 06/29/21    Page 36 of 38 PageID #: 52

29.     Home Depot distributed, merchandised, and sold the Lawnmower.

30.     The Lawnmower distributed, merchandised, and sold by Home Depot to Ms. Neill, was not of merchantable quality. Rather, it was unfit, unsafe, and not usable for the purpose for which it was intended. Such condition constituted a breach of Home Depot's implied warranty of merchantability and/or fitness, in that the Lawnmower was not fit for the purpose for which it was designed, namely, to be safely stored and moved with its handle properly folded.

31.     When purchasing and operating the Lawnmower, Ms. Neill relied upon Home Depot's skill and judgment and its implied warranty of fitness for the purpose for which she purchased the Lawnmower.

32.     The Lawnmower was not fit for its intended purpose and use, and as a result of Home Depot's breach of its warranty of fitness of the Lawnmower, Ms. Neill sustained severe and permanent injuries and disfigurement.

### COUNT V – Negligence
### (Neill vs. Home Depot)

33.     Ms. Neill repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

34.     Home Depot negligently marketed and/or sold the Lawnmower and negligently placed it into the channels of trade when it knew, or with a reasonable degree of care, should have known that the Lawnmower was dangerous and defective in nature, design and materials, and was in a dangerous and/or defective condition, in a manner in which Home Depot should reasonably have foreseen would come into use by persons such as Ms. Neill, who was  unaware of the dangerous and defective condition, and Home Depot's failure to use reasonable care to prevent such damages to such persons including Ms. Neill.

5

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 37 of 38 PageID #: 53

35.     Home Depot failed to warn Ms. Neill and other consumers of the potential for the Lawnmower handle to close in a scissor-like manner with the risk of severing fingers before and after offering the Lawnmower for sale. Such dangerous condition was reasonably foreseeable and knowable to Home Depot at the time of marketing and sale.

36.     Home Depot's breach of its duties of care in the marketing, distribution, and sale of the Lawnmower, and failure to warn, caused Ms. Neill to sustain severe and permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Kerri Neill, respectfully requests this Honorable Court:

1.     Enter judgment in favor of Plaintiff and against Defendant on each and every count contained herein;

2.     Award damages to Plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

3.     Award Plaintiff interest, costs, expenses, and reasonable attorneys' fees; and

4.     Award such other relief, as this Honorable Court deems just and appropriate.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL TRIABLE ISSUES OF RIGHT.**

6

Case Number: KC-2021-0486
Filed in Kent County Superior Court
Submitted: 6/2/2021 3:28 PM
Envelope: 3127282
Reviewer: Lindsay Z.

1:21-cv-00276-WES-PAS   Document 3   Filed 06/29/21   Page 38 of 38 PageID #: 54

Plaintiff,
Kerri Neill,
By her Attorney,


/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esq./#5764
Heather M. Spellman, Esq./#6461
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
TEL:    (401) 273-0200
FAX:   (401) 273-0250
EMAIL:   jsowa@lsglaw.com
              hspellman@lsglaw.com


Dated:  June 2, 2021

7